UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN RYAN,

    Plaintiff,

    v.                                    CAUSE NO.: 3:19-CV-782-JD-MGG

QUALITY CORRECTIONAL CARE, LLC,
and DR. TCHETTCHAT,

    Defendants.

OPINION AND ORDER

Kevin Ryan, a pretrial detainee at the LaPorte County Jail, filed an amended complaint without a lawyer. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Ryan alleges Dr. Tchetthcat cancelled his medications in May 2019 without examining him or individually reviewing his medical condition. Ryan alleges he suffers from depression, anxiety, sleeplessness, suicidal ideations, and physical pain from sciatic nerve damage. He alleges Dr. Tchetthcat is the physician at the jail, but refuses to see or treat him for these conditions. "In evaluating the constitutionality of conditions

or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. __, __; 135 S.Ct. 2466, 2473 (2015) (quoting *Bell*). Here, Ryan has stated a claim against Dr. Tchetthcat for violating his Fourteenth Amendment rights.

Ryan also alleges Quality Correctional Care, LLC, has a policy or practice of cancelling inmate medications without an individual medical review by a physician. He alleges his medications were cancelled in May 2019 as a result. "[A] private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008). However, a private company performing a state function can be held liable to the same extent as a state actor under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). Pursuant to *Monell*, 436 U.S. 658 (1978), such claims can be brought for injuries caused by their policies, practices, or customs. Here, Ryan has stated a claim against Quality Correctional Care, LLC, for violating his Fourteenth Amendment rights.

Finally, Ryan is trying to sue the LaPorte County Jail for various conditions at the jail. However, the jail is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Therefore, he cannot state a claim against the Jail.

Moreover, his allegations about the conditions at the jail are unrelated to his medical claims. "[U]nrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). Therefore the LaPorte County Jail must be dismissed.

For these reasons, the court:

(1) GRANTS Kevin Ryan leave to proceed against Dr. Tchetthcat for compensatory and punitive damages for cancelling his medications in May 2019 without examining him or individually reviewing his medical condition in violation the Fourteenth Amendment because doing so was not rationally related to a legitimate nonpunitive governmental purpose or was excessive in relation to a legitimate purpose;

(2) GRANTS Kevin Ryan leave to proceed against Dr. Tchetthcat for compensatory and punitive damages for refusing to examine or treat him for depression, anxiety, sleeplessness, suicidal ideations, or physical pain from sciatic nerve damage in violation the Fourteenth Amendment because doing so was not rationally related to a legitimate nonpunitive governmental purpose or was excessive in relation to a legitimate purpose;

(3) GRANTS Kevin Ryan leave to proceed against Quality Correctional Care, LLC, for compensatory and punitive damages for enforcing a policy or practice in May 2019 which resulted the cancellation of his medications without an individual medical review by a physician in violation of the Fourteenth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES LaPorte County Jail;

3

(6) DIRECTS the clerk and the United States Marshals Service, as required by 28 U.S.C. § 1915(d), to issue and serve process with a copy of this order and the Amended Complaint (ECF 7) on Dr. Tchetthcat at the LaPorte County Jail and Quality Correctional Care, LLC, at 12900 N. Meridian St., Suite 140, Carmel, IN 46032; and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Dr. Tchetthcat and Quality Correctional Care, LLC, to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 30, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT