UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN RYAN,

        Plaintiff,

        v.         CAUSE NO.: 3:19-CV-782-JD-MGG

QUALITY CORRECTIONAL CARE, LLC,
and DR. TCHETTCHAT,

        Defendants.

## OPINION AND ORDER

Kevin Ryan was a prisoner at the LaPorte County Jail when he filed this case without a lawyer. He is proceeding in this case on three claims: (1) "against Dr. Tchetthcat for compensatory and punitive damages for cancelling his medications in May 2019 without examining him or individually reviewing his medical condition in violation the Fourteenth Amendment" (2) "against Dr. Tchetthcat for compensatory and punitive damages for refusing to examine or treat him for depression, anxiety, sleeplessness, suicidal ideations, or physical pain from sciatic nerve damage in violation the Fourteenth Amendment" and (3) "against Quality Correctional Care, LLC, for compensatory and punitive damages for enforcing a policy or practice in May 2019 which resulted the cancellation of his medications without an individual medical review by a physician in violation of the Fourteenth Amendment . . .." ECF 11 at 3. The defendants filed a summary judgment motion arguing Ryan did not exhaust his

administrative remedies. ECF 36. With it, they filed a notice as required by N.D. Ind. L.R. 56-1(f) advising him of the importance of responding to their motion ECF 39. Ryan filed a motion asking for more time to file a response. ECF 43. That motion was granted and the deadline enlarged to July 16, 2020. ECF 45. He was cautioned if he did not respond by the deadline, the court could rule on the summary judgment motion without a response from him. The deadline has passed, but he has not responded. Therefore the court will now rule on the motion.

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

Here, the undisputed facts presented in the Affidavit of Sgt. Steve Oliver show that Ryan did not exhaust his administrative remedies. Sgt. Oliver is the Assistant Jail Commander at the LaPorte County Jail. ECF 38-1 at 1. He is responsible for grievances and grievance records. *Id.* The Jail has a grievance system, Ryan was told about it, and he had access to a copy of it. *Id.* at 2-3. The claims raised in this complaint were grievable. *Id.* at 3. The grievance process requires a prisoner to appeal if his formal grievance is denied. *Id.* at 4. Though Ryan filed various grievances, he "never filed any

3

appeals related to any medical or mental health care he received while at the La Porte County Jail." *Id*. at 6.

"[W]hen administrative procedures are clearly laid out . . . an inmate must comply with them in order to exhaust his remedies." *Pavey v. Conley*, 663 F.3d 899, 905 (7th Cir. 2011). Here, the undisputed evidence shows Ryan did not exhaust is administrative remedies before filing this lawsuit. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits . . .." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Therefore the defendants' motion for summary judgment must be granted.

For these reasons, the summary judgment motion (ECF 36) is GRANTED and this case is DISMISSED WITHOUT PREJUDICE because Kevin Ryan did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).

SO ORDERED on August 6, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT